UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BRIAN SOTO,

                                Plaintiff,

-against-

CITY OF NEW YORK, CHARLES RODRIQUEZ, Individually,
RAVI RAMBARAN, Individually, and AKM ALAM, Individually,

                                Defendants.

------------------------------------------------------------------X

**COMPLAINT**

Index No.

**Jury Trial Demanded**

Plaintiff BRIAN SOTO, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff BRIAN SOTO is a thirty-two year old Hispanic male residing in the Bronx, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, CHARLES RODRIQUEZ, RAVI RAMBARAN, and AKM ALAM were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12. On June 9, 2012, at approximately 7:00 p.m., plaintiff BRIAN SOTO was lawfully present outside of 1830 Lexington Avenue in Manhattan, an apartment building in the James Weldon Johnson Housing Project, standing in the courtyard of said building with a friend and approximately 30 to 40 other individuals, including senior citizens and young children. SOTO had been in the courtyard for approximately 60 to 90 minutes at that time.

13. A large street festival celebrating Puerto Rican heritage was taking place nearby on Third Avenue.

14. The NYPD had blocked the entrance of the courtyard that led to Lexington Avenue with NYPD barriers.

15. Three NYPD officers, including defendant CHARLES RODRIQUEZ, were present at the barriers and were checking the identification of anyone who attempted to enter the courtyard from Lexington Avenue.

16. After three individuals were arrested at or near the barrier when they attempted to enter the courtyard, approximately 15 to 20 additional NYPD officers arrived and entered the courtyard. The officers began to yell at the 30 to 40 individuals who were already present in the courtyard.

17. SOTO entered the lobby of 1830 Lexington Avenue, where a large number of other individuals were also present.

18. After approximately five minutes, SOTO re-entered the courtyard and observed an NYPD officer spray pepper spray in the face of a male who was standing next to SOTO. Some of the pepper spray hit SOTO's face, although it did not affect his eyes.

19. Defendant RODRIQUEZ then approached SOTO.

20. SOTO stated to defendant RODRIQUEZ, in sum and substance, please don't spray mace, there are senior citizens here, just let us leave, while wiping pepper spray from his face with his right hand.

21. Defendant RODRIQUEZ responded, "I don't give a fuck, I've been looking for you," and then began striking SOTO with an asp on his right arm and right knee.

22. After being struck by defendant RODRIQUEZ, two NYPD officers, including defendant AKM ALAM, grabbed SOTO and slammed him into a fence, causing SOTO's body to forcefully hit the fence. SOTO was then rear handcuffed.

23. As a result of the foregoing, SOTO suffered physical injuries that included: lacerations, bruising and swelling to SOTO's right hand, right arm, right knee, and back.

24. SOTO was then placed in an NYPD van and transported by four NYPD officers, including defendant RAVI RAMBARAN, to Police Service Area 5, located at 221 E. 123rd Street, in Manhattan.

25. Thereafter, NYPD officers transported SOTO to New York County central booking, where he was stripped searched and imprisoned until his arraignment in New York County Criminal Court on baseless charges filed under docket no. 2012NY045383; said charges having been filed based on the false allegations of defendants RAMBARAN and ALAM. Defendants RAMBARAN and ALAM initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned acts of brutality and abuse of authority.

4

26. Defendants RAMBARAN and ALAM conspired to create and manufacture false evidence against SOTO, which RAMBARAN conveyed to the New York County District Attorney's Office causing said evidence to be used against SOTO in the aforementioned legal proceeding.

27. Specifically, RAMBARAN falsely alleged that SOTO was standing in a crowd of approximately 20 to 30 people who were "obstructing the free flow of pedestrians" and refused to leave and yelled obscenities after RAMBARAN and ALAM ordered the crowd to disperse. Defendant ALAM falsely alleged that SOTO resisted a lawful arrest by refusing to place his hands behind his back, flailing his arms, and by pulling his body away from ALAM. All of these allegations are entirely false.

28. As a result of these false allegations, defendants RAMBARAN and ALAM caused SOTO to be maliciously prosecuted on charges that SOTO committed the following crimes: Resisting Arrest, (P.L §. 205.30); Disorderly Conduct, (P.L. § 240.20(6)); and Disorderly Conduct, (P.L § 240.20(2)).

29. The malicious prosecution levied against SOTO was dismissed and sealed in New York County Criminal Court on December 5, 2012.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of: manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime

5

compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

31. The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: manufacture false evidence against individuals in a conspiracy to justify their use of excessive force; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify the false arrest.

32. In addition, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

33. Moreover, the existence of the aforesaid unconstitutional customs and policies

6

may further be inferred from the admission by former Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

34.  Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

35.  Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

36.  All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37.  All of the aforementioned acts deprived plaintiff BRIAN SOTO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39.  The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff BRIAN SOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants RODRIGUEZ, RAMBARAN and ALAM arrested plaintiff BRIAN SOTO without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44. Defendants caused plaintiff BRIAN SOTO to be falsely arrested and unlawfully imprisoned.

45. As a result of the foregoing, plaintiff BRIAN SOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The level of force employed by defendants RAMBARAN, ALAM, and RODRIQUEZ was excessive, objectively unreasonable and otherwise in violation of plaintiff BRIAN SOTO'S constitutional rights.

48. As a result of the aforementioned conduct of the defendants, plaintiff BRIAN SOTO was subjected to excessive force and sustained physical and emotional injuries.

49. As a result of the foregoing, plaintiff BRIAN SOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants RAMBARAN and ALAM created false evidence against plaintiff BRIAN SOTO.

52. Defendants utilized this false evidence against plaintiff BRIAN SOTO in legal proceedings.

53. As a result of defendants' creation and use of false evidence, plaintiff BRIAN SOTO suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United

States Constitution.

54. As a result of the foregoing, plaintiff BRIAN SOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants RAMBARAN and ALAM initiated, commenced and continued a malicious prosecution against plaintiff BRIAN SOTO.

57. Defendants caused plaintiff BRIAN SOTO to be prosecuted without any probable cause until the charges were dismissed on or about December 5, 2012.

58. As a result of the foregoing, plaintiff BRIAN SOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants RAMBARAN and ALAM issued criminal process against plaintiff BRIAN SOTO by causing his arrest and prosecution in a criminal court.

61. Defendants caused plaintiff BRIAN SOTO to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their acts of brutality and abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

62. As a result of the foregoing, plaintiff BRIAN SOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants RAMBARAN and AKAM had an affirmative duty to intervene on behalf of plaintiff BRIAN SOTO, whose constitutional rights were being violated in their presence by defendant RODRIQUEZ.

65. The defendants failed to intervene to prevent the unlawful conduct described herein.

66. As a result of the foregoing, plaintiff BRIAN SOTO was subjected to excessive force and put in fear of his safety.

67. As a result of the foregoing, plaintiff BRIAN SOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff BRIAN SOTO'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

72. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate

indifference to the safety, well-being, and constitutional rights of plaintiff BRIAN SOTO.

73. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff BRIAN SOTO as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff BRIAN SOTO as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff BRIAN SOTO was unlawfully arrested, subjected to excessive force and maliciously prosecuted.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff BRIAN SOTO'S constitutional rights.

77. All of the foregoing acts by defendants deprived plaintiff BRIAN SOTO of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from excessive force;

    D. To be free from the failure to intervene;

    E. To receive his right to fair trial;

    F. To be free from malicious prosecution; and

    G. To be free from malicious abuse of process.

78. As a result of the foregoing, plaintiff BRIAN SOTO is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff BRIAN SOTO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
June 8, 2015

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff FABIAN RIVERA
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> JASON LEVENTHAL (JL1067)
> BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

BRIAN SOTO,

                              Plaintiff,

                                                      Index No.

    -against-

CITY OF NEW YORK, CHARLES RODRIQUEZ, Individually,
RAVI RAMBARAN, Individually, and AKM ALAM, Individually,

                               Defendants,

------------------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100